**UNITED STATES v. BOYD.**

No. 109, Docket 21156.

United States Court of Appeals
Second Circuit.

Feb. 25, 1949.

Max Schwartz and Chauncey H. Levy, both of New York City for trustee-appellant.

Jess H. Rosenberg, U. S. Atty., of Washington, D. C., for appellee.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

PER CURIAM.

The trustee in bankruptcy of the Wheeler Shipbuilding Company appeals from an order of the District Court, which reversed an order of the referee, permitted the United States to file an amended claim against the bankrupt, and directed the referee to conduct a hearing upon the amended claim. These were the facts. On April 13, 1943, bankrupt contracted with the War Department to build a number of ships; and on July 14, 1944, the Department cancelled the contract, leaving two ships uncompleted, on which the bankrupt had already received payments amounting to $126,468. On January 25, 1945, the bankrupt applied for a further payment of $50,000, and certified that it had not received any "progress" payments upon the ships. The bankrupt received this sum, and on May 2, 1945, the parties settled for a total of $63,506.43, as "termination costs," which included the $50,000 already paid. The balance—$13,506.43—the bankrupt received on August 22, 1945.

The adjudication was on May 8, 1947, and on May 20, 1947, the Assistant Comptroller General filed a claim for $117,587.85 made up of the overpayment of $126,468 less $8,880.15 conceded credits. To this

claim the trustee objected on the ground that there were further credits which reduced it to $77,783.63, and that the United States owed large sums to the bankrupt which should be set off against its claim. He also asked that the bankruptcy court should order the United States to pay the balance after setoff. The claim came on before the referee for hearing at which the United States prayed leave to file an amended claim, and for leave to file a plenary suit against the bankrupt. It alleged that the settlement of the "termination claim" had been fraudulent, because of the suppression of the earlier receipt of $126,468. It asked leave therefore to enlarge its claim by "penalties" which had become due under § 231, of Title 31, and § 119, of Title 41 of the United States Code Annotated. The referee liquidated the original claim in accordance with two unexecuted agreements which had been prepared by officials of the War Department. He denied leave to the United States to file the proposed amended claim, because he held that the "penalties" claimed were not provable against the bankrupt under § 57, sub. j, of the Bankruptcy Act, 11 U.S. C.A. § 93, sub. j, and because it was too late to amend the claim.

From this order the United States appealed, and the district judge reversed it, and sent back the proceeding with directions to allow the United States to file the amended claim and to conduct a hearing upon it. It is from this order that the trustee has appealed. He only asks us to decide that the "penalties" which the United States claims in its amended claim are in no part recoverable, because of § 57, sub. j. A majority of the court thinks it best not to pass upon that question on the present record, because, as it stands, it does not admit of a finding, one way or another, upon the issue of the bankrupt's fraud. Hence it may turn out that the question of law will prove moot, whether the "penalties" in question are provable under § 57, sub. j, of the Bankruptcy Act. If the United States succeeds in proving the issue of fraud, that question is to be decided by the referee and after him by the district judge as a new question in disregard of anything heretofore decided either by the bankruptcy court or by the District Court.

Order affirmed.